UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALDEMARAS CEINORIUS,<br>VITALIJ CHRISONOPULO,<br>FIODOR IGNATOV,<br>VIKTOR KUZNECOV,<br>ANATOLIJ MATVEJEV,<br>NIKOLAJ NIKULIN,<br>VALERIJ POTAPOV, and<br>VLADIMIR ULJANOV,<br>    Plaintiffs<br><br>V.<br><br>ARTHUR FRANCO and<br>JOHN G. HADAYIA,<br>    Defendants | Civil Action<br><br>No. 03-CV-12270-RWZ |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

By Notice of Default dated March 10, 2004, the Clerk of Court entered a default against both Defendants in this matter. The Plaintiffs now seek default judgment to be entered against the Defendants pursuant to Fed.R.Civ.P. 55(b)(1), or, alternatively, pursuant to Fed.R.Civ.P. 55(b)(2).

The Plaintiffs are citizens of Lithuania, who were employed by the Defendants as crew members on the tug SEA GIANT. The Defendants were doing business as United Oil Company, which is the registered owner of this vessel, according to the United States Coast Guard. United Oil Company had hired the Plaintiffs to work on the vessel and sail her from New Bedford to Senegal and Angola in Africa. The dates of employment were May 22, 2002 to September 24, 2002. All men had written and signed employment contracts, copies of which are attached as Exhibit A. Defendant Franco signed the contracts on behalf of United Oil Company. They received only 1 month of wages during their 4 month period of employment. When they arrived

in Angola, Defendant Hadayia, on behalf of United Oil Company, gave the Plaintiffs Letters of Guarantee for their wages, copies of which are attached as Exhibit B, and paid for their flights home to Lithuania, but did not pay them their remaining wages, in violation of the general maritime law and M.G.L. c. 149, §148.

The Plaintiffs' damages are set forth in Defendant Hadayia's own letters of guarantee, and confirmed by the Plaintiffs' affidavits, which are attached as Exhibit C. They are as follows:

| | |
|---|---|
| Ceinorius | $3,772.42 + 45 for a visa = $3,817.42 |
| Chrisonopulo | $5,875.00 + 45 for a visa = $5,920.00 |
| Ignatov | $3,772.42 |
| Kuznecov | $13,399.00 |
| Matvejev | $3,990.00 + 45 for a visa = $4,035.00 |
| Nikulin | $9,049.17 |
| Potapov | $12,219.00 + 45 for a visa = $12,264.00 |
| Uljanov | $4,167.00 + 45 for a visa = $4,212.00 |

The Complaint has 2 causes of action. Count I is for lost wages under the General Maritime Law and Count II is for failure to pay wages pursuant to M.G.L. c. 149, §150. Under either statute, the Plaintiffs' total base damages are $56,469.01. However, under M.G.L. c. 149, §150, the Plaintiffs are entitled to an award of treble damages, attorneys fees, and costs. An award of treble damages is mandatory for a wage loss claim under this statute. Bollen v. Camp Kingsmont, 2000 Mass.App.Div. 56 (2000).

The Massachusetts Supreme Judicial Court has not ruled on how fee awards should be calculated under M.G.L. c. 149, but, in addressing attorneys fees awarded under other fee shifting

statutes such as M.G.L. c. 93A and c. 151B, has ruled that the amount of the fee "largely discretionary," and that the trial judge should consider various factors, including the amount of time spent on the case, the customary hourly fee for similar services, and the nature and complexity of the case. Fontaine v. Ebtec Corporation, 415 Mass. 309, 324, 325, 613 N.E.2d 881, 890-891 (1993) (citations omitted). Accordingly, that approach should be used with respect to c. 149.

This Court has noted that attorneys fees of $200-250 per hour are customarily awarded in cases involving fee shifting statutes in this Court. See, e.g., System Management, Inc. v. Loiselle, 154 F.Supp.2d 195, 210 (D. Mass. 2001); Rolland v. Cellucci, 151 F.Supp.2d 145, 148-149 (D. Mass. 2001) and cases cited. While counsel customarily uses contingent fee agreements (as he has in this case), he bills at $200 per hour in Longshore cases. Exhibit D, Affidavit of David J. Berg, Esq. Accordingly, counsel's request for an hourly rate of $200 is appropriate, especially given that the Defendants have defaulted.

The Plaintiffs believe that the damages in this case involve a sum certain, and accordingly request that judgment be entered under Fed.R.Civ.P. 55(b)(1). HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d 908, 919 (1st Cir. 1988). Alternatively, they request that judgment be entered under Fed.R.Civ.P. 55(b)(2).

Respectfully submitted for the Plaintiffs,

by their attorney,

*[signature]*

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000