UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:03-CV-12270-RWZ

VALDEMARAS CEINORIUS; VITALIJ CHRISONOPULO; FIODOR IGNATOV; VIKTOR KUZNECOV; ANATOLJI MATVEJEV; NIKOLAJ NIKULIN; VALERIJ POTAPOV; and VLADIMIR ULJANOV

v.

ARTHUR FRANCO and JOHN G. HADAYIA

MEMORANDUM & ORDER

September 12, 2022

ZOBEL, S.D.J.

Plaintiffs initiated this case in November 2003 for unpaid wage claims against Defendants John G. Hadayia and Arthur Franco. Neither defendant responded to the original or the first amended complaint. Plaintiffs filed an unopposed motion for default judgment against each, which was supported by affidavits detailing their work and the amount of unpaid wages. Docket ## 9-19. The court entered default judgment for each plaintiff in August 2004. Docket # 21. The case was terminated and remained so until 2020 when defendant, John G. Hadayia filed an appearance in this case. He claims that he did not become aware of the case or judgment against him until 2019 when plaintiffs levied his bank account to enforce the judgment.

Defendant now moves to vacate the default judgment on several grounds.[1] He argues that the December 22, 2003 service was improper because (1) he no longer lived at the address where service was allegedly attempted, (2) the return of service

---

[1] Defendant Arthur Franco has not challenged the default judgment against him.

1

has the wrong zip code, and (3) Plaintiffs cannot prove that the amended complaint was ever served. Docket # 27. The court held an evidentiary hearing on April 6, 2022, at which counsel for Plaintiffs and Defendant Hadayia were present.

## I.     Background

At the hearing, Defendant testified that he purchased a home at 7-13 Readville Street, Hyde Park, Massachusetts in about 1999 or 2000. He lived there until 2001, when he moved to 7 Alleyne Street, Apartment 3, West Roxbury, Massachusetts 02132. He resided there until August 2002, when he moved to Angola, Africa. The return of service indicates that "the Summons and Complaint" were served at "7 Alleyne Street, West Roxbury, MA 02747" on December 22, 2003. Defendant's travel records and testimony demonstrate that he was not in the United States on that date, and did not return for a visit until two days later, on December 24, 2003, at which time he stayed with his mother at the Cheriton Grove Apartments in West Roxbury. He was in the United States for 15 days and returned to Angola on January 8, 2004. He moved back to the United States on December 31, 2005, and did rent an apartment at 7 Alleyne Street, but stayed in a different unit on the first floor until Apartment 3 became available.

In an effort to demonstrate that Defendant resided at 7 Alleyne Street on December 22, 2003, Plaintiffs presented evidence that: (1) in June 2002, Defendant reported his address as 7 Alleyne Street, Apartment 3 to the Massachusetts Registry of Motor Vehicles ("RMV") when he updated his driver's license; (2) he did not recall updating the RMV of an address change; (3) in November 2002, he garaged his truck in Dedham; (4) also in November 2002, he reported his address in an RMV form as a

P.O. Box in West Roxbury; and (5) he could not recall if he notified the IRS of his move to Angola. No evidence was presented that Defendant used the 7 Alleyne Street address for any purpose during the relevant time. Finally, while the return of service indicates that the complaint was served, the record is devoid of any evidence that the amended complaint was ever served.

## II. Applicable Law

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party . . . from a final judgment . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] default judgment issued without jurisdiction over a defendant is void . . . and [] such jurisdiction depends on the proper service of process or the waiver of any defect." M & K Welding, Inc. v. Leasing Partners, LLC, 386 F.3d 361, 364 (1st Cir. 2004). "'[I]f the judgment is void the district court has no discretion but to set aside the entry of default judgment.'" Semtek Int'l Inc. v. Info. Satellite Sys., No. CIV.A. 09-10183-RWZ, 2012 WL 831475, at *2 (D. Mass. Mar. 9, 2012) (quoting Sea–Land Service, Inc. v. Ceramica Europa II, Inc., 160 F.3d 849, 852 (1st Cir.1998)).

"'[O]nce challenged, plaintiffs have the burden of proving proper service.'" United States v. Tobins, 483 F. Supp. 2d 68, 75 (D. Mass. 2007) (quoting Rivera–Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir.1992)). Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual defendant may be effected by:

> **following state law** for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Fed. R. Civ. P. 4(e) (emphasis added). Massachusetts law provides in relevant part that service may be made upon an individual by:

3

delivering a copy of the summons and of the complaint to him personally; or **by leaving copies thereof at his last and usual place of abode**; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given.

Mass. R. Civ. P. 4(d)(1) (emphasis added). Massachusetts rules also require service of "every pleading subsequent to the original complaint." Mass. R. Civ. P. 5(a).

### III. Discussion

Plaintiffs assert that service was made on December 22, 2003 at Defendant's "last and usual place of abode." Mass. R. Civ. P. 4(d)(1). To meet their burden to prove that 7 Alleyne Street, Apartment 3, West Roxbury, Massachusetts 02132 was Defendant's "last and usual place of abode" at the time of service, they must demonstrate that Defendant "was continuing to use the address as his home." See Bower v. El-Nady, 844 F. Supp. 2d 191, 196 (D. Mass. 2012) (quoting United States v. Tobins, 483 F. Supp. 2d 68, 76 (D. Mass. 2007)).

The evidence, including Defendant's travel records and testimony, does not support a finding that Defendant was using 7 Alleyne Street "as his home" on the date of attempted service. See id. Plaintiffs' evidence—that Defendant reported his address to the RMV as 7 Alleyne Street in June 2002, that he garaged his car in Dedham in November 2002, that he provided the RMV with a P.O. Box address in November 2002, and that he could not recall if he notified the RMV or the IRS of his move to Angola—is consistent with his testimony that he moved to Angola in August 2002 and was still living there as of December 22, 2003.

4

Because Plaintiffs failed to satisfy their burden to demonstrate proper service at Defendant's "last and usual place of abode," the default judgment is void and must be set aside.[2] See M & K Welding, Inc., 386 F.3d at 364.

## IV. Conclusion

Defendant's motion to vacate default judgment (Docket # 26) is ALLOWED. The court will schedule a conference to determine the next steps in the proceedings.

September 12, 2022  
DATE

/s/ Rya W. Zobel  
RYA W. ZOBEL  
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also argues that service was improper because (1) the zip code on the return of service was incorrect and (2) plaintiffs cannot prove that the amended complaint was served. The court does not address these arguments because the service was improper based on the location of purported service.